UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Nadia Dorson, *on behalf of herself and others
similarly situated in the proposed FLSA
Collective Action,*

                                        *Plaintiff*,

            *- against -*

NYU Langone Hospital-Brooklyn,

                                        *Defendant*.
-------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**<u>COMPLAINT</u>**

Plaintiff Nadia Dorson  ("Plaintiff" or "Dorson"), on behalf of herself and others similarly situated, by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself and upon information and belief as to others, brings this complaint against Defendant NYU Langone Hospital-Brooklyn (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.       Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, unlawfully deducted wages, spread of hours pay, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

3.      Plaintiff further claims that Defendant has breached the terms of Plaintiff's employment contract.

**JURISDICTION AND VENUE**

4.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

5.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

6.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

**PLAINTIFF NADIA DORSON**

7.      Plaintiff Dorson is a resident of Brooklyn, New York.

8.      Plaintiff Dorson was, and still is employed as an x-ray technician at Defendant's hospital and medical services and care facility located at 150 55th Street, Brooklyn, NY 11220 ("NYU Langone Brooklyn") from on or around March 2018.

9.      Plaintiff Smith was, and still is employed as a non-managerial employee at NYU Langone Brooklyn from on or around March 2018.

10.     At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT NYU LANGONE HOSPITAL-BROOKLYN**

11.     Upon information and belief, Defendant NYU Langone Hospital-Brooklyn is a domestic not-for-profit corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 150 55th Street,

2

Brooklyn, NY 11220.

12.     Defendant NYU Langone Hospital-Brooklyn owns, operates and/or controls a hospital and medical services and care facility known as "NYU Langone Brooklyn" located at 150 55th Street, Brooklyn, NY 11220.

13.     At all times relevant to this Complaint, Defendant NYU Langone Hospital-Brooklyn (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

14.     At all times relevant to this Complaint, Defendant NYU Langone Hospital-Brooklyn was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

15.     At all times relevant to this Complaint, Defendant NYU Langone Hospital-Brooklyn was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

16.     Defendant NYU Langone Hospital-Brooklyn possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

17.     Defendant NYU Langone Hospital-Brooklyn had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

18.    Plaintiff and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid position, during the statutory period.

19.    Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

20.    Plaintiff was, and still is an employee of Defendant.

21.    Plaintiff worked as an x-ray technician at the hospital and medical services and care facility known as "NYU Langone Brooklyn" located at 150 55th Street, Brooklyn, NY 11220.

22.    Plaintiff and Defendant executed a written agreement on or around March 2018 (the "Employment Contract").

23.    Plaintiff fulfilled all of her obligations under the Employment Contract.

24.    Pursuant to the Employment Contract, Defendant was obligated to pay Plaintiff at an hourly rate of $35 per hour.

25.    Defendant has breached and defaulted under the Employment Contract by failing, *inter alia*, to pay Plaintiff at her contractually agreed-upon hourly rate of $35 per hour.

26.    Defendant's hospital and medical services and care facility operates on a 24-hour, 7 day a week basis.

27.    At NYU Langone Brooklyn, Plaintiff regularly worked in excess of forty (40) hours per week.

28.    From approximately March 2018 through and including June 2020, Plaintiff regularly worked thirty-five (35) to one-hundred and twelve (112) hours a week.

29.    During the coronavirus pandemic – Defendant required Plaintiff to work – and she did in fact work – upwards of six (6) to seven (7) days per week, sixteen (16) hours each day.

30.     For example, during the week of March 16, 2020, Defendant required Plaintiff to work – and she did in fact work – seven (7) days a week, sixteen (16) hours each day, for a total of one-hundred and twelve (112) hours per week.

31.     For this workweek, Defendant should have paid Plaintiff an additional $3,780 in overtime wages, equal to her overtime premium of $52.50 multiplied by 72 overtime hours worked.

32.     Throughout her employment with Defendant, Plaintiff was paid her wages in check.

33.     From approximately March 2018 through and including March 2019, Defendant paid Plaintiff an hourly rate of $30 per hour.

34.     From approximately March 2019, Defendant paid Plaintiff an hourly rate of $31 per hour.

35.     Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her contractually agreed-upon regular rate of pay (*i.e.,* $35 per hour) for those hours.

36.     Throughout Plaintiff's employment, Defendant made unlawful deductions from Plaintiff's salary. For example, each pay period, Defendant deducted $60-100 from Plaintiff's salary without her written or verbal consent.

37.     At all relevant times, Defendant did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day her shift exceeded ten (10) hours.

38.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

39.     Defendant did not provide Plaintiff a statement of wages, as required by NYLL

195(3).

40.     Defendant did not give any notice to Plaintiff, in English (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

41.     At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings the First, Second, and Third Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to x-ray technician) employed by Defendant on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

43.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

44.     The First, Second, Third, Fourth and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

45.    Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

46.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47.    At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

48.    Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

49.    Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

50.    Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

51.    Due to Defendant's willful violations of the FLSA, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

52.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

53.    Plaintiff is covered, non-exempt employee within the meaning of the NYLL and

supporting New York Department of Labor ("NYDOL") Regulations.

54.     Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

55.     Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

56.     Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages at one and one-half times her contractually agreed-upon regular rate of pay (*i.e.,* $35 per hour).

57.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
## (NYLL – Spread-of-Hours Pay)

58.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59.     Defendant willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

60.     By Defendant's failure to pay Plaintiff spread-of-hours pay, Defendant willfully violated §650 *et seq*. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

61.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the

action and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

62.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

63.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

64.     In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

65.     Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

66.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

67.     With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of

employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

68.   As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## SIXTH CLAIM
### (NYLL – Unlawful Deductions from Wages)

69.   Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70.   NYLL § 193(1) prohibits employers from making any unlawful deductions from the wages of an employee.

71.   As described above, on repeated occasions Defendant deducted wages from Plaintiff's wages without his consent.

72.   Plaintiff is entitled to all money unlawfully deducted from his wages throughout his employment.

73.   As a result of Defendant's violation of NYLL §193(1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Breach of Contract)

74.   Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.   Plaintiff and Defendant entered into the Employment Contract whereby Plaintiff was employed by Defendant pursuant to the terms therein.

76.    Pursuant to the Employment Contract, Defendant was obligated to pay Plaintiff at an hourly rate of $35 per hour.

77.    Defendant has breached and defaulted under the Employment Contract by failing, *inter alia*, to pay Plaintiff at her contractually agreed-upon hourly rate of $35 per hour.

78.    Plaintiff has substantially performed all of her duties and obligations under the Employment Contract and, as such, has and continues to suffer losses and damages as a direct result of Defendant's breach.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.    certification of this case as a collective action pursuant to the FLSA;

c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendant violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f.    declaring that Defendant violated the notice statement pay provisions of the NYLL

11

and WTPA;

g. declaring that Defendant is in breach of contract under New York State law

h. awarding Plaintiff unpaid overtime wages;

i. awarding Plaintiff unpaid spread-of-hours pay;

j. awarding unpaid wages under New York State law for breach of contract;

k. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

l. awarding unpaid wages under the NYLL and the New York State contract law;

m. awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

n. awarding Plaintiff pre- and post-judgment interest under the NYLL;

o. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

p. Such other relief as this Court deems just and proper.

Dated: New York, New York
  July 30, 2021     Respectfully submitted,

           By: /s/ Joshua Levin-Epstein
             Joshua Levin-Epstein
             Jason Mizrahi
             Levin-Epstein & Associates, P.C.
             60 East 42nd Street, Suite 4700
             New York, New York 10165
             Tel: (212) 792-0046
             Email: Joshua@levinepstein.com
             *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*