**Seyfarth**

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York  10018
**T** (212) 218-5500
**F** (212) 218-5526

rwhitman@seyfarth.com
T (212) 218-5629

www.seyfarth.com

May 2, 2022

**VIA ECF**

Hon. Eric Komitee
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

### Re:   _Nadia Dorson v. NYU Langone-Brooklyn, 1:21-cv-04286-EK-RLM_

Dear Judge Komitee:

This firm represents NYU Langone-Brooklyn (incorrectly named in the Complaint as "NYU Langone Hospital-Brooklyn") ("Defendant" or "NYU Langone"). We write pursuant to the Court's April 4, 2022 Text Order, and in accordance with Individual Rule III.B., to respectfully request a pre-motion conference in anticipation of a Rule 56 Motion for Summary Judgment. In the alternative, we ask that the Court set a briefing schedule.

Plaintiff filed this lawsuit on September 3, 2019 as a putative collective action under the Fair Labor Standards Act ("FLSA") and putative class action under the New York Labor Law ("NYLL"), alleging that she is owed unpaid overtime wages. Plaintiff also brings claims under the NYLL for spread of hours pay, penalties for failure to provide a wage notice, for wage statement violations, and for unlawful wage deductions. Lastly, Plaintiff alleges a breach of contract claim based on a purported "agreement" that she would be paid $35 per hour upon her hire.

At the initial conference with Magistrate Judge Mann, Plaintiff waived the right to seek collective certification of her FLSA claim. (_See_ ECF 20.) All claims in the action are being asserted on an individual basis. Discovery has now closed.

### FACTUAL BACKGROUND

Plaintiff was hired on April 9, 2018 as a _per diem_ X-ray technician. On several occasions, she requested to be converted to a part-time employee with more hours and higher pay. In March 2020, Plaintiff expressed interest in a posted part-time position for 16 hours per week. Although her supervisor, Frank Galante, submitted a request to effectuate Plaintiff's transfer into this role, the change was not approved due to hiring freeze imposed during the early part of the COVID-19 pandemic and did not go into effect.

On August 11, 2020, once the freeze was lifted, Plaintiff was converted to a regular part-time X-Ray technician, retroactive to April 14, 2020. However, by this point, Plaintiff was out on a paid disability leave. Her last day worked was July 5, 2020. On April 27, 2021, her leave was



Hon. Eric Komitee
May 2, 2022
Page 2

converted to unpaid. Plaintiff has not returned to work or provided any indication of when, if ever, she will be able to return.

## BASES FOR ANTICIPATED MOTION

### I.     Plaintiff Was Paid for All Hours Worked

Despite working as a *per diem* and late part-time employee, Plaintiff alleges in her Complaint that she usually worked six or seven days a week, 16 hours a day, for a staggering 112 hours *per week*, for which she was not fully compensated. This is a fantasy. Plaintiff consistently worked 2-3 days per week, averaging between 4-6 shifts for every two-week pay period. NYU Langone's time and pay records demonstrate this, and Plaintiff has produced zero proof otherwise. Indeed, Plaintiff regularly verified the accuracy of her time records, and on June 6, 2020, during the early months of the COVID-19 pandemic when she was allegedly working these extraordinary hours, Plaintiff e-mailed her supervisor to ask for *more shifts.*

### II.    Plaintiff Produced No Evidence of a Contract, Thus There is No Breach Of Contract

Plaintiff was hired at $30 per hour, in accordance with the 2016 SEIU Local 1199 bargaining unit pay scale, which she acknowledged in her Wage Rate Notice. There is no "written agreement" that obligated NYU Langone to pay her $35. (Compl. ¶¶ 22, 75-76).

Plaintiff contends that the contract exists in the form of an email from Mr. Galante in response to an inquiry from Plaintiff regarding her wage rate. In that email, Mr. Galante stated:

> With regard to your per-diem rate, I also mentioned that you are a 15 year experienced Technologist and are receiving $31.00/hr. as opposed to $35.00/hr. which you are entitled to. She said she would look into getting the retro pay for that. I will keep on top of this even though she has all the details. Thank you again for overextending yourself for us. I know it is a hardship, but I do appreciate everything you do for us. I will do whatever I can for you.

This email falls far short of establishing the basic requirements for a contract to exist: offer, acceptance, consideration, mutual assent, and mutual intent to be bound. *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004).

### III.   Plaintiff Does Not Qualify for Spread of Hours Pay

Plaintiff has no claim for "spread of hours" pay (Compl. ¶ 59) because she was paid more than the minimum wage per hour. *See, e.g.*, 12 NYCRR § 142-2.4; *Heras v. Metro. Learning Inst., Inc.*, 2021 WL 66288, at *6 (E.D.N.Y. Jan. 7, 2021); *Guerrero v. 79th St. Gourmet & Deli, Inc.*, 2019 WL 4889591, at *8 (E.D.N.Y. Sept. 10, 2019).

### IV.    NYU Langone Did Not Take Improper Wage Deductions

Plaintiff also vaguely claims that, "each pay period, Defendant deducted $60 -$100 from Plaintiff's salary without her written or verbal consent." (Compl. ¶ 36). To the extent Plaintiff is



Hon. Eric Komitee
May 2, 2022
Page 3

referring to Local 1199 union dues, any deductions were appropriate and authorized. Pursuant to the applicable CBA, "any employee hired to work one-fifth (1/5) or less of the regular full-time work week for her classification shall be an Employee covered by the Agreement if he/she works more than sixteen (16) shifts within any period of up to thirteen weeks. Bargaining unit coverage shall be retroactive to the first day of the thirteen (13) week period." Thus, as of July 7, 2018, Plaintiff was working sufficient shifts to trigger coverage under this provision.

Accordingly, Defendant respectfully requests that the Court either hold a pre-motion conference or set a briefing schedule for its anticipated motion for summary judgment.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Robert S. Whitman*

Robert S. Whitman

cc:      All Counsel of Record (*via* ECF)