# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

January 4, 2023

**Via ECF**
The Honorable Eric R. Komitee, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Dorson v. NYU Langone Hospital-Brooklyn*
         **Case No.: 1:21-cv-04286-EK-RLM**

Dear Honorable Judge Komitee:

  This law firm represents Plaintiff Nadia Dorson (the "Plaintiff") in the above-referenced action. This letter is submitted pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), seeking approval of the enclosed Settlement Agreement,[1] which provides for a total settlement amount of $2,500.00.

  A copy of the executed Settlement Agreement is attached hereto as "**Exhibit A**."

  A Stipulation of Dismissal with Prejudice is being filed simultaneously with this letter motion, and the parties respectfully request that the court So-Order the Stipulation.

## I. Background

  This is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by an individual against her former employer for alleged violations of federal and state wage-and-hour laws. This letter focuses on Plaintiff's FLSA claim for the purpose of settlement approval.

  Defendant NYU Langone Hospital-Brooklyn ("Defendant") operates a hospital and medical services and care facility known as known as "NYU Langone Hospital—Brooklyn", located at 150 55th Street, Brooklyn, NY 11220.

  According to the underlying complaint filed on July 30, 2021 [Dckt. No. 11] (the "Complaint", or the "*Compl.*"), Defendant's historic policy and practice was to pay Plaintiff a regular rate of pay of $30 or $31 per hour. However, pursuant to the terms of the parties' employment contract, executed on or around March 2018 (the "Employment Contract"), Defendant was obligated to pay Plaintiff at an hourly rate of $35 per hour.

  Defendant's hospital and medical services and care facility operates on a 24-hour, 7 days

---

[1] The parties have reached a separate settlement as to certain non-FLSA claims, which does not require judicial approval. Should Your Honor want to review a copy of this separate agreement, the parties would submit it under seal.

1

a week basis. The Complaint alleges that Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her contractually agreed-upon regular rate of pay (*i.e.,* $35 per hour) for those hours.

The Complaint further alleges that, although Plaintiff was required to utilize a biometric time keeping device, Defendant's managers would retroactively change the time Plaintiff reported to remove the amount of overtime worked, thereby failing to pay Plaintiff for all regular or overtime hours worked, in violation of the FLSA and NYLL.

Defendant denies each and all of Plaintiff's claims. Defendant asserts that Plaintiff's time records and pay statements undermine Plaintiff's factual contentions and allegations, as they show that she (1) worked far fewer hours that Plaintiff alleges; (2) was paid for all hours worked; and (3) was paid at the proper rate of time-and-a-half for all hours worked over 40 in a workweek.

In sum, Defendant categorically denies that Plaintiff is owed any wages under the FLSA, and denies that Plaintiff is entitled to any relief whatsoever under applicable law.

On January 26, 2022, the parties participated in a mediation before Holly Weiss, Esq. After multiple rounds of negotiations, the parties nearly reached a resolution in principle to settle Plaintiff's FLSA claims. Ultimately, the mediation was unsuccessful.

Several months later, on or around September 6, 2022, the parties reached a resolution in principle to settle Plaintiff's FLSA claims for a total sum of $2,500.00 (the "Settlement Amount") to be paid out in one (1) lump sum payment.

The settlement is fair, reasonable, and the product of arm's length negotiations between experienced counsel. For these reasons and those set forth in further detail below, the settlement should be approved.

## II.     The Settlement Agreement is Fair and Reasonable

To determine whether an FLSA Settlement Agreement should be approved as fair and reasonable, courts in the Second Circuit consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects reasonable compromise over contested issues, the court should approve the settlement." *Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917, at *2 (S.D.N.Y. 2013) (citation omitted).

### A. The Settlement Sum is Substantial and Fair Given the Plaintiff's Range of Recovery

The first factor articulated in *Wolinsky* examines "the Plaintiff's range of possible recovery." *Wolinsky,* 900 F.Supp.2d 332, at 335.

The Settlement Agreement satisfies this prong because Defendant's production of Plaintiff's pay and time records did not reveal any unpaid overtime wages. Therefore, considering Plaintiff's was not likely to recover anything for her overtime claim, the settlement sum of $2,500 is reasonable. *See Chowdhury v. Brioni America, Inc.*, 2017 WL 5953171 at *2 (S.D.N.Y. 2017) (net settlement of 40% of FLSA Plaintiff's maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp.*, 2017 WL 4764486 at *2 (S.D.N.Y. 2017) (net settlement of 29.1% of FLSA Plaintiff's maximum recovery is reasonable); *Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015) (approving a settlement constituting 25% of the maximum possible recovery).

The Settlement Agreement requires that Defendant pay Plaintiff a settlement sum in the amount of $2,500.00 to resolve the case, payable in one lump sum payment. After attorneys' fees[2] ($833.33), Plaintiff will receive payments totaling $1,666.67.

Plaintiff believes that the Settlement Amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of additional discovery.

The number of overtime hours Plaintiff worked was a seriously contested issue that made the settlement of the claims asserted in this action difficult. The parties engaged in discovery to address various issues related to liability and damages. In the course of discovery, Defendant provided, *inter alia*: 108 individual pages of records consisting of:

1. Plaintiff's payroll records for the period of 4/1/2018 through and including 4/11/2021;

2. Plaintiff's time keeping records for the period of 11/21/2016 through and including 4/26/2021; and

3. Plaintiff's W-2 forms.

---

[2] Plaintiff's counsel is not seeking the recovery of costs in connection with the instant application, or as part of the underlying FLSA settlement.

These documents potentially compromised Plaintiff's claims given that they significantly undercut the allegations of Plaintiff's work history and compensation received. Defendant's production of employment records, if credited, appear to contradict Plaintiff's claims.

The undersigned law firm conducted an analysis of Plaintiff's potential recovery for her overtime claim taking into consideration Defendant's production of records, which showed that Plaintiff was paid for all hours worked and paid at a rate of time-and-a-half for any hours worked over 40 in a workweek.

Given the risks these issues present, the Settlement Amount is reasonable.

### B.  The Settlement Agreement Avoids the Incurrence of Additional Expenses

The second *Wolinsky* factor examines "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky,* 900 F.Supp.2d 332, at 335. This factor also weighs in favor of *Cheeks* approval.

The Settlement Agreement resolves bona fide disputes over sharply contested issues, namely the total number of hours worked by Plaintiff. In that regard, Defendant asserts that Plaintiff worked substantially fewer hours than she alleges. During the discovery phase of this case, Defendant relied on the Check Register, which Plaintiff rejected as inaccurate. If the trier of fact determined that Plaintiff worked fewer hours than alleged, it is likely that the unlawfully deducted wages due to Plaintiff would be greatly reduced and, in fact, there is the possibility she would not be owed any wages. Proceeding to trial would consume significant amounts of time and resources, and Plaintiff faces the hurdles of rebutting Defendant's payroll records for certain periods of time. *See Garcia v. Jambox, Inc.,* 2015 WL 2359502, at *3 (S.D.N.Y. 2015) (Plaintiff's burden on the rebuttable presumption is high where defendants have produced records).

The continued litigation of this case would necessitate the briefing of a motion for summary judgment, and a trial. The associated costs and the continued prosecution of this case would necessitate the incurrence of substantial attorneys' fees and costs on both sides. Accordingly, it is in the interests of both parties to effectuate a settlement.

### C.  The Seriousness of the Litigation Risk Faced by Plaintiff is High

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." *Id* at 335. This factor also weighs heavily in favor of settlement.

Both parties face serious litigation risks as to both liability and damages, *to wit*: the amount of hours allegedly worked, and the amount of unpaid wages allegedly owed.

In the course of discovery, Defendant provided, *inter alia*: 108 individual pages of records consisting of:

1. Plaintiff's payroll records for the period of 4/1/2018 through and including

   4/11/2021;

2. Plaintiff's time keeping records for the period of 11/21/2016 through and including 4/26/2021; and

3. Plaintiff's W-2 forms.

Plaintiff, in order to succeed on the merits for this period, would have to rebut the presumption that Defendant did pay Plaintiff in accordance with NYLL and/or the FLSA. Where, as here, Plaintiff has produced no documentation of her hours worked or compensation received for this period, and Defendant has produced records, Plaintiff's burden on this rebuttable presumption is high. *Gyalpo v. Holbrook Dev. Corp.*, 577 B.R. 629 (E.D.N.Y. 2017); *Garcia v. Jambox, Inc., supra* (S.D.N.Y. 2015).

Accordingly, the seriousness of the litigation risks faced by the parties weighs in favor of settlement.

### D. The Settlement Agreement is a Fair Compromise Accomplished Between Experienced Counsel Following Court-Ordered Mediation[3]

The fourth *Wolinsky* factors examines "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel" as well as the "possibility of fraud or collusion." *Wolinsky,* 900 F.Supp.2d 332, at 335. This factor weighs heavily in favor of *Cheeks* approval.

The contested issues and arms-length negotiation by counsel demonstrate there was no fraud or collusion. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement). *Abrar v. 7-Eleven, Inc*., 2016 WL 1465360, at *2 (E.D.N.Y. 2016). Additionally, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the agreement.

Levin-Epstein & Associates, P.C. has obtained favorable decisions in wage-and-hour cases that have set precedent in this area of law. *See Singh v. Lintech Elec., Inc.,* 2021 WL 1062533, at *3 (E.D.N.Y. 2021) (securing dismissal of fraudulent conveyance actions, and cancellation of *lis pendens*, filed in FLSA action); *Suarez et al v. Brasserie Felix, Inc. et al*, Case No. 19-cv-07210, Dckt. No. 59 (hired by Plaintiffs' counsel to facilitate resolution in bankruptcy proceedings and secured $800,000 settlement on behalf of twelve (12) FLSA plaintiffs); *El Aalaoui v. Lucky Star Gourmet Deli Inc.,* 2021 WL 22787, at *1 (S.D.N.Y. 2021) (successfully vacating default judgment entered against FLSA defendants in the amount of $231,660); *Rivera v. Crabby Shack, LLC,* 2019 WL 8631861, at *5 (E.D.N.Y. 2019) (successfully arguing motion to enforce and approve settlement agreement on behalf of defendants)*; Pugh v. Meric*, 2019 WL 2568581, at *2 (S.D.N.Y. 2019) (post-bench trial order issued by the Hon. Judge Denise Cote, holding that the "wage notice penalty" in NYLL § 198(1)(1-b), by its very terms, does not mandate the imposition

---

[3] The settlement amount was achieved, several months following a mediator's proposal after a full day of negotiations.

of damages); *Pugh v. Meric*, 2019 WL 3936748, at *5 (S.D.N.Y. 2019) (post-bench trial order reducing plaintiff's attorneys' fees award of $8,000 to $800); *Reyes v. The Picnic Basket, Inc.*, Case No. 18-cv-140, Dckt. No. 39, at *3-4 (S.D.N.Y. 2018) (successfully opposing Plaintiff's motion for conditional certification).

Moreover, the Settlement Agreement protects Plaintiff from the risk of default by requiring Defendant to execute a Settlement Agreement providing for recovery of attorneys' fees in the event of default. *See* Ex. A.

### III. The Allocation for Attorneys' Fees is Reasonable

As Plaintiff's counsel, the undersigned agreed to be paid a 1/3 contingency fee, agreed to by Plaintiff in her Retainer Agreement, which is reduced to writing and is signed by Plaintiff, a copy of which is attached as "**Exhibit B**".

A true and correct copy of Plaintiff's counsel's contemporaneous time and billing records, documenting each attorneys' hourly rate, hours expended, and tasks worked on, is annexed hereto as **Exhibit "C"**.

The contingency fee in this case should be approved because it is the fee Plaintiff agreed upon in her retainer agreement. *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written.").

Moreover, the one-third contingency is the fee which courts in this District consider to be presumptively fair in FLSA cases. *See, e.g., Castillo v. Cranes Express Inc.*, 2018 WL 7681356, at *5 (E.D.N.Y. 2018) (same); *Vidal v. Eager Corp.*, 2018 WL 1320659, at *2 (E.D.N.Y. 2018); *Ezpino v. CDL Underground Specialists, Inc.*, 2017 WL 3037483, at *3 (E.D.N.Y. 2017); *Hdir v. Salon de Quartier*, 2017 WL 8950426, at *2 (E.D.N.Y. 2017) ("Courts in this district using the percentage method have found a fee award of one third of the settlement amount to be reasonable".) (*citing Romero v. Westbury Jeep Chrysler Dodge, Inc.*, 2016 WL 1369389, at *2 [E.D.N.Y. 2016]); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 WL 6621081 at *3 (E.D.N.Y. 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277 at *2 (E.D.N.Y. 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

Based on this, the requested fee of one-third of Plaintiff's recovery should be found reasonable and permitted. The parties respectfully request that the Court approve the settlement as fair and reasonable and So Order the proposed Stipulation to Dismiss the case.

### IV. The Agreement Satisfies All Other Factors Considered for Approval

The terms of the Settlement Agreement are consistent with *Cheeks*. For example, the release in the Agreement is limited to wage-and-hour claims and there are no confidentiality or

non-disparagement provisions. The settlement was reached following arm's-length negotiations between counsel well-versed in wage-and-hour law and following extensive discovery.

In sum, the settlement is fair and reasonable, providing Plaintiff with a substantial recovery protected against the uncertainties and costs of trial, and should be approved by the Court.

We thank the Court for its time and consideration of this matter.

                    Respectfully submitted,

                    LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*